1
2
3
4
5
6
7
8

9          **UNITED STATES DISTRICT COURT**

10         **FOR THE EASTERN DISTRICT OF CALIFORNIA**

11

| | |
|---|---|
| **JBL AND ASSOCIATES,** | **1:15-cv-1948-LJO-JLT** |
| **Plaintiff,** | **SUA SPONTE ORDER REMANDING ACTION TO STATE COURT** |
| **v.** | |
| **DAVID R. FINLEY AND DIANA FINLEY,** | |
| **Defendants.** | |

18

        The undersigned revokes any actual or anticipated referral to a Magistrate Judge for the purposes
19
of Findings and Recommendations in this case.
20
        On December 30, 2015, Defendants David R. Finley and Diana Finley (collectively,
21
"Defendants") filed a pro se Notice of Removal with this Court, seeking to remove an action from the
22
Superior Court for the County of Kern. Doc. 1. For the following reasons, the Court *sua sponte*
23
REMANDS this case to the Superior Court of California for the County of Kern.
24
        Under 28 U.S.C. § 1441(a), a defendant may remove an action to federal court if the district
25

1   court has original jurisdiction. *Hunter v. Phillip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009). If at

2   any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case

3   shall be remanded. 28 U.S.C. § 1447(c). Federal courts are courts of limited jurisdiction and can

4   adjudicate only those cases authorized by the United States Constitution and Congress. Generally, those

5   cases involve diversity of citizenship, a federal question, or where the United States is a party. *See*

6   *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375 (1994); *Franchise Tax Bd. of State of Cal. v. Constr.*

7   *Laborers Vacation Trust for S. California*, 463 U.S. 1, 8 (1983); 28 U.S.C. § 1442. Lack of subject

8   matter jurisdiction is never waived and may be raised by the Court *sua sponte*. Fed. R. Civ. P. 12(h)(3);

9   *Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002). Furthermore, the law is clear in the Ninth

10  Circuit that the removal statute should be strictly construed in favor of remand and against removal.

11  *Harris v. Bankers Life and Cas. Co.*, 425 F.3d 689, 698 (9th Cir. 2005). Among other things, this means

12  that the defendant always has the burden of establishing that removal is proper. *California ex rel.*

13  *Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004). Federal jurisdiction must be rejected if there

14  is any doubt as to the right of removal in the first instance. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th

15  Cir. 1992). When determining the presence or absence of federal question jurisdiction in removal cases,

16  the "well-pleaded complaint rule" applies, "which provides that federal jurisdiction exists only when a

17  federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc.*

18  *v. Williams*, 482 U.S. 386, 392 (1987).

19        Here, Defendants are unable to establish federal question jurisdiction because the complaint filed

20  in the state court contains a single cause of action for unlawful detainer based on California Code of

21  Civil Procedure section 1161a. *See* Doc. 1 at 6. Unlawful detainer actions are strictly within the province

22  of the state courts. *See PNC Bank Nat'l Ass'n v. Ahluwalia*, No. C 15-01264 WHA, 2015 WL 3866892,

23  at *4 (N.D. Cal. June 22, 2015) (collecting cases). Therefore, Plaintiff's complaint avoids federal

24  question jurisdiction. A defendant cannot create federal subject matter jurisdiction by adding claims or

25  defenses to a notice of removal. *Vaden v. Discover Bank*, 556 U.S. 49, 50 (2009) (federal question

1    jurisdiction cannot "rest upon an actual or anticipated counterclaim"); *Valles v. Ivy Hill Corp.*, 410 F.3d

2    1071, 1075 (9th Cir. 2005) ("A federal law defense to a state-law claim does not confer jurisdiction on a

3    federal court, even if the defense is that of federal preemption and is anticipated in the plaintiff's

4    complaint."). Thus, Defendants' answer cannot provide the Court with jurisdiction over this case.

5         The next possible basis for this Court's jurisdiction is diversity. District courts have diversity

6    jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000,

7    exclusive of interests and costs," and the action is between "(1) citizens of different States; (2) citizens

8    of a State and citizens or subjects of a foreign state; (3) citizens of different States and in which citizens

9    or subjects of a foreign state are additional parties; and (4) a foreign state . . . as plaintiff and citizens of

10   a State or of different States." 28 U.S.C. § 1332; *see also Geographic Expeditions, Inc. v. Estate of*

11   *Lhotka*, 599 F.3d 1102, 1106 (9th Cir. 2010).

12        Defendants do not argue that diversity jurisdiction exists. Even if they did, Defendants cannot

13   establish diversity of citizenship jurisdiction in this case. The complaint filed in the underlying unlawful

14   detainer action unequivocally states that the amount in controversy is less than $10,000. Doc. 1 at 6.

15   When a state court complaint affirmatively alleges that the amount in controversy is less than the

16   jurisdictional threshold, the party seeking removal must prove with "legal certainty" that the

17   jurisdictional amount is met. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007); *see*

18   *also Glassical Creations, Inc. v. Canter*, No. CV 15-04358 MMM PJWX, 2015 WL 4127912, at *4 & n.

19   10 (C.D. Cal. July 7, 2015). Defendants' notice of removal does not provide any basis for a finding that

20   the amount in controversy exceeds the $75,000 threshold. The amount in controversy is determined

21   without regard to any setoff or counterclaim to which defendant may be entitled. *Mesa Indus., Inc. v.*

22   *Eaglebrook Products, Inc.*, 980 F. Supp. 323, 326 (D. Ariz. 1997). Thus, the amount in controversy is

23   insufficient to provide this Court with diversity jurisdiction.

24        Moreover, in removal cases where the purported basis of jurisdiction is diversity jurisdiction,

25   removal is not permitted where a defendant is a citizen of the state in which the plaintiff originally

                                                        3

1    brought the action (even if the opposing parties are citizens of different states). *See* 28 U.S.C. § 1441(b).

2    Here, Defendants list their address as 8901 Bay Avenue, California City, CA, 93505, and do not provide

3    any alternative basis for a finding of diverse citizenship.

4        Accordingly, the Court REMANDS this case to the Superior Court for the County of Kern for all

5    future proceedings. Defendants' motions to proceed in forma pauperis (Docs. 2, 3) are DENIED AS

6    MOOT.

7

8    IT IS SO ORDERED.

9    Dated:   **January 4, 2016**              **/s/ Lawrence J. O'Neill**
                                                 UNITED STATES DISTRICT JUDGE
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25